IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES GREGG** :         *Plaintiff, pro se* : : v. : : **WILLIAM C. ERBEY, d/b/a OCWEN** : **LOAN SERVICING, LLC,** *et al.* :         *Defendants* : | **CIVIL ACTION** **NO. 14-2313** |

NITZA I. QUIÑONES ALEJANDRO, J.                                                    NOVEMBER 18, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court are three *motions to dismiss* filed pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6) by Defendants William C. Erbey, d/b/a Ocwen Loan Servicing, LLC ("Ocwen"), [ECF 6], Michael McKeever, d/b/a KML Law Group, P.C. ("McKeever"), [ECF 7 and 8], and Jewell Williams, d/b/a Sheriff Jewell Williams ("Sheriff"), [ECF 11].[1] Plaintiff Charles Gregg ("Plaintiff") has not filed any response to these motions, though the time period for doing so has passed. The motions to dismiss have been briefed and are appropriate for disposition. For the reasons stated herein, the motions to dismiss are granted.

### BACKGROUND

On May 16, 2014, Plaintiff, acting *pro se,* filed a complaint against Defendants which purports to assert claims for monetary damages under various federal statutes[2] arising from

---

[1] Ocwen filed its motion to dismiss on August 19, 2014; McKeever filed his motion to dismiss on August 20, 2014; and the Sheriff filed his motion to dismiss on September 20, 2014.

[2] Plaintiff cites the following statutes in his complaint: the Securities Act of 1934, 15 U.S.C. §78; the Truth in Lending Act ("TILA"), 15 U.S.C. §1601; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692(e); and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§2601-2617.

Defendants' alleged wrongful actions in connection with a mortgage foreclosure action initiated in state court.[3] [ECF 4]. Notwithstanding Plaintiff's lack of a response to these motions to dismiss, when ruling on these motions, this Court must accept, as true, all relevant factual allegations in the complaint. These allegations can be summarized as follows:[4]

> On May 21, 2010, a mortgage foreclosure action was commenced against Plaintiff in the Philadelphia Court of Common Pleas captioned *Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2 v. Charles Gregg*, Civ. A. No. 100502942.[5] On August 23, 2010, a default judgment was entered against Plaintiff. Thereafter, Plaintiff filed a series of motions to postpone the Sheriff's sale of the property; the most recent motion was denied by Order dated May 31, 2013.
>
> Defendant McKeever of KML Law Group, P.C., served as counsel for the plaintiff in the foreclosure action. Defendant Erbey is the CEO of Defendant Ocwen, which as alleged, was the transferee of the mortgage at issue and "continued to carry out the foreclosure action on behalf of Deutsche Bank National Trust, *et al*." Defendant Jewell Williams is the Sheriff of Philadelphia County ("Sheriff"), who is alleged to have wrongfully "detained" and "deeded" one of Plaintiff's properties to a debt collector following the foreclosure. Plaintiff alleges that each of the Defendants "engaged in constructive fraud activities, used deceptive practices, and misrepresented the facts."

---

[3] Plaintiff originally commenced this action on April 21, 2014, by filing an application to proceed *in forma pauperis*, along with his complaint. [ECF 1]. On May 16, 2014, Plaintiff's *in forma pauperis* application was granted. [ECF 3]. Plaintiff's underlying complaint was then filed. [ECF 4].

[4] While the facts set forth herein are drawn primarily from Plaintiff's complaint, this Court has also relied upon certain procedural facts pertaining to the underlying foreclosure action commenced in the Philadelphia Court of Common Pleas. When ruling on a motion to dismiss for lack of subject matter jurisdiction, this Court can look to such publicly filed documents. *See Jiricko v. Bennett, Bricklin & Saltzburg, LLP*, 321 F.Supp.2d 636, 640 (E.D. Pa. 2004).

[5] Plaintiff alleges that the foreclosure action was commenced on April 13, 2010, however, the docket corresponding to the state court action reflects a May 21, 2010 commencement.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) challenges the existence of subject matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of proving that the requisite jurisdictional requirements are met. *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "[W]hen there is a fact question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, this Court is free to consider evidence outside the pleadings, including publicly available records, to resolve factual issues bearing on the court's jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *Jiricko v. Bennett, Bricklin & Saltzburg, LLP*, 321 F.Supp.2d 636, 640 (E.D. Pa. 2004).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the courts are required to accept the truth of Plaintiff's well-pleaded allegations while drawing reasonable inferences in Plaintiff's favor, *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In determining a motion to dismiss, a court can consider the complaint's allegations, matters of public record, orders, and exhibits attached to the complaint. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990).

**DISCUSSION**

Construing the complaint liberally, Plaintiff's claims against each of the Defendants are premised upon his challenge to each one's purported actions in relation to the foreclosure action commenced against him in May 2010. Without any degree of specificity, Plaintiff alleges that each Defendant engaged in "constructive fraud activities, used deceptive practices, [and] misrepresented the facts," in connection with the foreclosure action. Because these claims, as pled, amount to Plaintiff's challenges to the foreclosure action and to the state court judgment entered therein, these claims are barred by the *Rooker-Feldman* doctrine.

Specifically, under the *Rooker-Feldman* doctrine, federal courts, other than the United States Supreme Court, are prohibited "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The jurisdictional limitations imposed by *Rooker-Feldman* apply not only to state court judgments entered following a trial on the merits, but also to default judgments. *See Knapper v. Bankers Trust Co.*, 407 F.3d 573 (3d Cir. 2005). The *Rooker-Feldman* doctrine bars a federal claim "if the claim was 'actually litigated' in state court or if the claim is 'inextricably intertwined' with the state adjudication." *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 210 (3d Cir. 2004). A federal claim is "inextricably intertwined" with a state adjudication when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." *Knapper*, 407 F.3d at 581.

The Third Circuit has determined that the *Rooker-Feldman* doctrine bars a federal claim in a district court where: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citations omitted).

Here, this Court finds that each of the elements noted in *Great Western* is met and, therefore, deems Plaintiff's federal claims inextricably intertwined with the judgment entered in the foreclosure action. That is, a review of publicly available documents filed in the foreclosure action reveals that Plaintiff was unsuccessful therein as a final judgment was entered against him in that matter on August 23, 2010, prior to commencement of this action in May 2014. As pled, Plaintiff complains of injuries that were suffered as a result of Defendants' conduct in obtaining

and/or enforcing and/or executing the state court judgment entered in the foreclosure action. In doing so, Plaintiff invites this Court to review and reject the underlying state court judgment. If this Court were to grant the relief Plaintiff seeks, *i.e.*, monetary damages for the alleged injuries suffered as a result of the Defendants' conduct in connection with the foreclosure action, this Court would be required to review *and* reject the validity of the state court judgment. Such relief would effectively negate the state court's ruling. Since there is a prohibition against such action, this Court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.

Plaintiff's claims that sound in fraud also fail to meet the requisite pleading standard for such claims.[6] Specifically, Rule 9(b) requires that "in alleging fraud . . . a party must state with particularity the circumstances constituting fraud." The Third Circuit has held that "even under a relaxed application of Rule 9(b), boilerplate and conclusory allegations will not suffice." *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1418 (3d Cir. 1997). "Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *Id.*

To state a viable claim for fraud in Pennsylvania, a plaintiff must plead facts sufficient to show the following: "(1) misrepresentation of a material fact; (2) *scienter*; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Taggart v. Wells Fargo Home Mortgage, Inc.*, 563 F. App'x 889, 892 (3d Cir. 2014); *see also In re Burlington*, 114 F.3d at 1417 (outlining similar elements for claims brought under Securities Act and requiring claims to meet Rule 9(b) pleading standard). Plaintiff fails to plead any facts to

---

[6] As pled, it is difficult to separate any of Plaintiff's claims from his bald allegations of fraud. As such, each claim appears premised on the fraud allegations and, therefore, each is subject to the heightened pleading requirements for such claims.

support these requirements. As stated above, in his complaint, Plaintiff does nothing more than conclusory allege, without any supporting facts, that Defendants, collectively, engaged in fraud, deceit and/or misrepresentations. Plaintiff does not plead what facts were misrepresented, when the misrepresentations were made, or to whom or by whom such misrepresentations were made. Without any facts to support Plaintiff's otherwise bald conclusions, his claims fail to meet the requirements of Rule 9(b). *Cf.*, *Taggart*, 563 F. App'x at 892 (affirming dismissal of fraud claims where plaintiff failed to allege specific misrepresentations made by the defendants and if or how plaintiff had justifiably relied on them).

The claims asserted against Defendant Erbey are dismissed for the additional reason that Plaintiff has pled no facts to support any claims against him individually. Though Plaintiff names Defendant Erbey in the caption of his complaint, the body of the complaint contains no reference to Erbey or to any facts to support any claims against him. As such, Plaintiff has failed to plead facts to substantiate a plausible claim against Defendant Erbey.

## CONCLUSION

For the reasons stated herein, Defendants' motions to dismiss are granted and this matter is dismissed for lack of subject matter jurisdiction. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.